**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEROY HAEGER; DONNA HAEGER,
husband and wife; BARRY HAEGER;
SUZANNE HAEGER, husband and
wife,
          *Plaintiffs-Appellees*,

v.

GOODYEAR TIRE & RUBBER
COMPANY, an Ohio corporation,
          *Defendant-Appellant*,

and

SPARTAN MOTORS, INC., a Michigan
corporation; GULFSTREAM COACH,
INC., an Indiana corporation,
          *Defendants*,

v.

ROETZEL & ANDRESS, LPA; BASIL J.
MUSNUFF,
          *Movants*.

No. 12-17718

D.C. No.
2:05-cv-02046-
ROS

| | |
|---|---|
| LEROY HAEGER; DONNA HAEGER, husband and wife; BARRY HAEGER; SUZANNE HAEGER, husband and wife, *Plaintiffs-Appellees*, v. GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation, *Defendant-Appellant.* | No. 13-16801 D.C. No. 2:05-cv-02046-ROS ORDER |

On Remand From the United States Supreme Court

Filed June 8, 2017

Before:  J. CLIFFORD WALLACE, MILAN D. SMITH, JR. and PAUL J. WATFORD, Circuit Judges.

Order;
Dissent by Judge Milan D. Smith, Jr.

## SUMMARY[*]

### Waiver / Sanctions

On remand from the U.S. Supreme Court in *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017), the panel vacated the district court's $2.7 million sanctions award, and remanded to the district court for proceedings consistent with the Supreme Court's opinion.

Dissenting from the panel's decision to remand, Judge M. Smith would retain jurisdiction over the case, and decide in the first instance whether Goodyear Tire waived any causation challenge to the district court's $2 million contingency sanctions award. Judge M. Smith would find that Goodyear Tire waived any causation challenge, and conclude that because the district court's contingency sanctions award should stand, no further involvement by the district court was necessary.

## COUNSEL

Pierre H. Bergeron, Squire Sanders LLP, Cincinnati, Ohio; George Brandon, Squire Sanders LLP, Phoenix, Arizona; Jill G. Okun, Squire Sanders LLP, Cleveland, Ohio, for Defendant-Appellant/Defendant The Goodyear Tire & Rubber Company.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Mark I. Harrison, Jeffrey B. Molinar, Osborn Maledon, PA, Phoenix, Arizona, for Movant/Movant-Appellant Basil J. Musnuff.

Andrew M. Jacobs, Katherine V. Foss, Snell & Wilmer LLP, Tucson, Arizona; James R. Condo, Lisa M. Coulter, Snell & Wilmer LLP, Phoenix, Arizona, for Movant-Appellant Graeme Hancock.

John J. Egbert, Jennings Strouss & Salmon, PLC, Phoenix, Arizona; David L. Kurtz, The Kurtz Law Firm, Scottsdale, Arizona, for Plaintiffs-Appellees.

## ORDER

Defendant-Appellant Goodyear Tire & Rubber Company's unopposed motion for supplemental briefing is DENIED.

Pursuant to the opinion of the Supreme Court in *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017), the district court's $2.7 million sanctions award is VACATED, and, by vote of a majority of the panel judges, the matter is REMANDED to the district court for proceedings consistent with the Supreme Court's opinion.

M. SMITH, Circuit Judge, dissenting:

I respectfully dissent from the panel's decision to remand this case to the district court. The Supreme Court remanded the case to us to determine, in the first instance, whether Defendant-Appellant Goodyear Tire & Rubber Company

(Goodyear) waived any causation challenge to the district court's $2 million contingency sanctions award. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1190 (2017) ("The possibility of waiver should therefore be the initial order of business below. If a waiver is found, that is the end of this case. If not, the District Court must reassess fees in line with a but-for causation requirement."). Plaintiffs-Appellees' (the Haegers) theory of waiver is premised on Goodyear raising a specific causation challenge before the district court to only $722,406.52 of the fees and costs sought by the Haegers. As such, the record is already complete, and no additional fact finding is necessary. Moreover, the Haegers specifically raised this theory of waiver when the case was first before us, and Goodyear responded. Accordingly, I would retain jurisdiction over this case and decide the waiver claim in the first instance.

On the merits of the waiver claim, Goodyear's briefing before the district court confirms that Goodyear failed to challenge the entirety of the Haegers' requested fees on causation grounds. In its Response and Objections to Plaintiffs' Application for Attorneys' Fees and Costs, Goodyear reiterated its belief that "plaintiffs are only entitled to recover fees resulting from Goodyear's allegedly sanctionable conduct." Goodyear then identified only "the entries relating to Spartan, Gulfstream or medical/damages" as "wholly distinct from the issues at hand." Goodyear concluded that "[e]ntries which include this objection amount to $722,406.52." Nowhere in this brief did Goodyear assert a causation challenge to the remaining costs and fees requested by the Haegers.

Nor am I persuaded that Goodyear preserved that argument by including a footnote stating that its opposition brief should not "be construed as waiving the impropriety of

[the district court's order] requiring payment of all fees from November 2006 onward as opposed to incremental fees caused by Goodyear's alleged discovery misconduct." The footnote expressly preserves Goodyear's argument that fees awarded to the Haegers must be "caused by Goodyear's alleged discovery misconduct." However, whether fees must be causally related to sanctionable conduct, and which specific fees are causally related to the sanctionable conduct, are separate issues. The footnote speaks only to the former, while the circumscribed causation argument that follows in the brief speaks to the latter. Thus, Goodyear failed not only to raise the issue of whether the remaining $2 million in fees requested by the Haegers were causally related to Goodyear's sanctionable conduct before the district court, but also to preserve it for appeal. Accordingly, I believe that the district court's $2 million contingency sanctions award should stand, and that no further involvement by the district court is necessary.

If the district court determines that there was no waiver by Goodyear, I believe that the district court's $2 million contingency sanctions award has already met the new standard the Supreme Court set in its partial overruling *sub silentio* of *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). In *Chambers*, the Supreme Court expressly rejected the sanctionee's request that it apply a but-for test, *id.* at 56–57,[1]

---

[1] The relevant portion of *Chambers* reads as follows:

> Chambers claims that the fact that the entire amount of fees was awarded means that the District Court failed to tailor the sanction to the particular wrong. As NASCO points out, however, the District Court concluded that full attorney's fees were warranted due to the frequency and severity of Chambers' abuses of the judicial system and the resulting need to ensure

and we relied on that fact in our panel opinion. *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1248–49 (9th Cir. 2016), *rev'd and remanded*, 137 S. Ct. 1178 (2017). Now, however, the Supreme Court recognizes that "[i]n exceptional cases the but-for standard even permits a trial court to shift all of a party's fees, from either the start or some midpoint of a suit, in one fell swoop," and cites *Chambers* as an illustration of such a permitted shift. *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1187. Moreover, the Supreme Court clearly permits considerable flexibility in the application of a *Chambers*-style "but-for" calculation:

> The award is then the sum total of the fees that, except for the misbehavior, would not have accrued. But as we stressed in *Fox*, trial courts undertaking that task "need not, and indeed should not, become green-eyeshade accountants" (or whatever the contemporary equivalent is). "The essential goal" in shifting fees is "to do rough justice, not to achieve auditing perfection." Accordingly, a district court "may take into account [its] overall sense of a suit, and may use estimates

---

> that such abuses were not repeated. Indeed, the court found Chambers' actions were "part of [a] sordid scheme of deliberate misuse of the judicial process" designed "to defeat NASCO's claim by harassment, repeated and endless delay, mountainous expense and waste of financial resources." It was within the court's discretion to vindicate itself and compensate NASCO by requiring Chambers to pay for all attorney's fees.

*Chambers*, 501 U.S. at 56–57 (citation omitted).

in calculating and allocating an attorney's time."

*Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1187 (citations omitted).

The essential facts in *Chambers* are on all fours with the facts in this case. There, the Supreme Court held that a district court did not abuse its discretion in awarding NASCO all of its attorneys' fees as a result of Chambers' misconduct. *Chambers*, 501 U.S. at 57. Chambers, like Goodyear here, argued that because the award was for the full amount of NASCO's fees, the district court must have failed to tailor the sanction to the harm caused by the wrong. *Id.* at 56. The Supreme Court rejected this argument, and held that the fees were warranted because Chambers' bad behavior so permeated the whole of the litigation that *all* of NASCO's attorney fees was an appropriate measure of NASCO's harm. *Id.* at 56–57. Like Chambers, Goodyear and its attorneys engaged in an ongoing and "sordid scheme of deliberate misuse of the judicial process." *Id.* at 57. The district court specifically found that Goodyear's "troubling behavior . . . began almost immediately after the case was filed and continued throughout the entire litigation, including post-dismissal." I therefore believe that the district court has already done "rough justice," and the $2 million contingency sanctions award fully satisfies the "but-for" requirement now required in a *Chambers*-like factual pattern.

On a final note, I emphasize that the misconduct in this case was egregious and in bad faith, as expressly found by the district court in 49 pages of factual analysis. Indeed, Goodyear did not contest the district court's assessment of the misconduct before the Supreme Court. *Goodyear Tire*

*& Rubber Co.*, 137 S. Ct. at 1184 ("The court's assessment of Goodyear's actions was harsh (and is not contested here)."). The deceit and dishonorable conduct of Graeme Hancock and Basil J. Musnuff in this case were unworthy of members of the bar, and their disgrace serves as an admonition to all members of the bar. As the district court noted in its opinion: "Litigation is not a game. It is the time-honored method of seeking the truth, finding the truth, and doing justice. When a corporation and its counsel refuse to produce directly relevant information an opposing party is entitled to receive, they have abandoned these basic principles in favor of their own interests. The little voice in every attorney's conscience that murmurs *turn over all material information* was ignored."